Original

**E-filing**

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
**Attorney for Plaintiffs**

*FILED*

JUN 2 5 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

## OAKLAND DIVISION

| | |
|---|---|
| SHERRI CRUZ AND MANUEL CRUZ | Case No. **CO9-02861** MHP |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND INVASION OF PRIVACY** |
| vs. | |
| MANN BRACKEN, LLP | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiffs further allege claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.     Plaintiffs, Sherri Cruz and Manuel Cruz ("Plaintiffs"), are natural persons residing in Alameda county in the state of California, and are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and are "debtors" as defined by Cal Civ Code 1788.2(h).

4.     At all relevant times herein, Defendant, Mann Bracken, LLP, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating with Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiffs, (§ 1692c(a)(1)), including calling Plaintiffs at work and after Defendants were notified of the Plaintiffs inability to talk during such hours.

b) Repeatedly contacting Plaintiffs at his/her place of employment after being informed that such calls are inconvenient to Plaintiffs and violate the policy of Plaintiffs' employer (§ 1692c(a)(1)(3));

c) Causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs (§ 1692d(5)); Causing a telephone to ring repeatedly or continuously to annoy Plaintiffs (Cal Civ Code § 1788.11(d)); Communicating, by telephone or in person, with Plaintiffs with such frequency as to be unreasonable and to constitute harassment to Plaintiffs under the circumstances (Cal Civ Code §

1788.11(e)); Failing to notify Plaintiffs during each collection contact that the communication was from a debt collector (§ 1692e(11)); including calling Plaintiffs on average of more than two times a day and ten times a week.

d) After having received a written communication from Plaintiffs disputing the debt, continuing to contact Plaintiffs without having first having provided validation of the debt (§ 1692g(b)), Communicating with Plaintiffs after having received a letter from Plaintiffs with a request to cease and desist all collection contacts or a statement that Plaintiffs refuses to pay the debt (§ 1692c(c)), including letters sent May 8th and May 12th of 2009;

e) Collecting an amount from Plaintiffs that is not permitted by law (§ 1692f(1)), including filing a lawsuit against Plaintiffs to collect alleged debt then dismissing law suit knowing the defendant had no cause of action against the Plaintiffs.

f) Threatening to take an action against Plaintiffs that cannot be legally taken (§ 1692e(5)), including threatening to obtain a judgment against Plaintiffs and then dismissing the suit when realizing they had no case against the Plaintiffs.

g) Failing to provide Plaintiffs with the notices required by 15 USC §
1692g, either in the initial communication with Plaintiffs, or in writing
within 5 days thereof, (§ 1692g(a));

6.    Defendant's aforementioned violations of the FDCPA and RFDCPA
also constitute an intentional intrusion into Plaintiffs' private places and into
private matters of Plaintiffs' life, conducted in a manner highly offensive to a
reasonable person.  Plaintiffs had a subjective expectation of privacy that was
objectively reasonable under the circumstances.

7.    Defendant's aforementioned disclosure of facts regarding Plaintiffs'
debt to third parties constitutes a public disclosure of a private fact not of
legitimate public concern.  Defendant's disclosures were highly offensive to a
reasonable person.

8.    As a result of the above violations of the FDCPA, RFDCPA and
invasion of privacy, Plaintiffs suffered and continue to suffer injury to Plaintiffs'
feelings, personal humiliation, embarrassment, mental anguish and emotional
distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages,
statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

9.    Plaintiffs reincorporate by reference all of the preceding paragraphs.

1

## PRAYER FOR RELIEF

2
3

WHEREFORE, Plaintiffs respectfully pray that judgment be entered

4

against the Defendant for the following:

5
6

    A.    Declaratory judgment that Defendant's conduct

7

violated the FDCPA;

8

    B.    Actual damages;

9

    C.    Statutory damages;

10

    D.    Costs and reasonable attorney's fees; and,

11

    E.    For such other and further relief as may be just and proper.

12
13

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

14
15

10.    Plaintiffs reincorporate by reference all of the preceding paragraphs.

16

11.    To the extent that Defendant's actions, counted above, violated the

17

RFDCPA, those actions were done knowingly and willfully

18
19

## PRAYER FOR RELIEF

20

WHEREFORE, Plaintiffs respectfully pray that judgment be entered

21
22

against the Defendant for the following:

23

    A.    Declaratory judgment that Defendant's conduct

24

violated the RFDCPA;

25

    B.    Actual damages;

26

    C.    Statutory damages for willful and negligent violations;

27

    D.    Costs and reasonable attorney's fees,

28

    E.    For such other and further relief as may be just and proper.

1

2

3

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

## AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

4       12.    Plaintiffs reincorporate by reference all of the preceding paragraphs.

5

6

### PRAYER FOR RELIEF

7       WHEREFORE, Plaintiffs respectfully pray that judgment be entered

8   against the Defendant for the following:

9

10       A.    Actual damages

11       B.    Punitive Damages; and,

12       C.    For such other and further relief as may be just and proper.

13

14

### PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

15

16       Respectfully submitted this 22th day of June, 2009.

17

18

19       By:  s/Todd M. Friedman

20       **TODD M. FRIEDMAN (216752)**

    **LAW OFFICES OF TODD M.**

21       **FRIEDMAN, P.C.**

    **369 S. Doheny Dr. #415**

22       **Beverly Hills, CA 90211**

23       **Phone: 877 206-4741**

24       **Fax: 866 623-0228**

    **tfriedman@attorneysforconsumers.com**

25       **Attorney for Plaintiffs**

26

27

28